IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND E. FISHER, III,
    Plaintiff

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,
    Defendant

Action No. 3:16-CV-0241

(Judge Nealon)

(Magistrate Judge Cohn)

## MEMORANDUM

### Background

On February 11, 2016, Plaintiff, Raymond E. Fisher, III, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). On April 15, 2016, Defendant filed an Answer and Transcript. (Docs. 7 and 8). On May 24, 2016, Plaintiff filed a brief in support of his complaint. (Doc. 9). On August 26, 2016, Defendant filed a brief in opposition. (Doc. 14). On October 7, 2016, Plaintiff filed a reply brief. (Doc. 17). On March 2, 2017, a Report and Recommendation ("R&R") was issued by United States Magistrate Judge Gerald C. Cohn, recommending that the appeal be granted, the decision of the Commissioner be vacated, and final judgment be entered in favor of Plaintiff

and against Defendant. (Doc. 19). On March 16, 2017, Defendant filed objections, making the matter ripe for review. (Doc. 20). Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted, the appeal will be granted, the decision of the Commissioner will be vacated, and judgment will be entered in favor of Plaintiff and against Defendant.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court") (citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process")). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the

plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

Initially, the Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled, which are herein adopted as such. (Doc. 19, p. 8). The Magistrate Judge also thoroughly reviews the case background, medical records, and the ALJ's decision, also herein adopted as such. (Id. at pp. 7, 10-19). Magistrate Judge Cohn then addressed Plaintiff's arguments in turn, and initially determines that substantial evidence does not support the ALJ's RFC analysis because: it erroneously discounted the opinion of Plaintiff's treating physician that was well-supported and not inconsistent with the medical evidence; it was based on a medical opinion

3

rendered by a non-examining physician who did not review the complete medical record before issuing an opinion as to Plaintiff's limitations that contradicted the well-supported and consistent treating physician's opinion; and the RFC was based on lay interpretation of the medical record. (Doc. 19, pp. 20-46); see Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352 (3d Cir. 2008) (precedential). Because of these reasons, Magistrate Judge Cohn recommends that the appeal be granted as the RFC is not supported by substantial evidence, and the case be remanded to the Commissioner.

Defendant objects to this recommendation, asserting that the Magistrate Judge's conclusions regarding the RFC are a mistake of law and fact, and arguing that it is within the ALJ's discretion to formulate Plaintiff's RFC without a medical opinion, that the ALJ was under no obligation go give the treating source opinions controlling weight, and that substantial evidence supports the ALJ affording weight to an opinion rendered by a non-examining physician who had not reviewed the entire medical record before composing an opinion as to Plaintiff's limitations. (Doc. 20, pp. 6-17). Defendant relies on Third Circuit precedent to support these positions. (Id.). However, Magistrate Judge Cohn has already addressed the crux of this multi-faceted objection, which is simply an expanded reiteration of the baseline argument Plaintiff raised in his brief and that involves issues that were already addressed in the R&R by Magistrate Judge

4

Cohn. See (Doc. 14, pp. 10-12); (Doc. 19, pp. 19-43, 45-46). Consequently, because Plaintiff is merely repeating arguments that were thoroughly addressed by the Magistrate Judge and is not making specific objections to the R&R regarding this recommendation, judicial economy[1] demands they be reviewed for clear error as opposed to de novo review. See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008). See also Cruz, 990 F. Supp. at 377 (In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.). After a review of the record and the R&R, which most thoroughly explains a recent precedential Third Circuit opinion rendered in Brownawell as discussed above which has been repeatedly affirmed by cases in this District, it is determined that

---

[1] The United States District Court for the Middle District of Pennsylvania currently has approximately three-hundred and fifty (350) pending Social Security Disability Appeals.

5

the there is no clear error in the Magistrate Judge's conclusion that substantial evidence does not support the ALJ's RFC determination because it relied on an opinion rendered by a non-treating physician who did not review the complete medical record. See Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352 (3d Cir. 2008) (precedential). As such, remand is necessary at this juncture; however, because and this Court declines to address the remainder of the Report and Recommendation and objections in the interests of judicial economy. The Report and Recommendation will be adopted, the objections will be overruled, the appeal will be granted, the Commissioner's decision will be vacated, and judgment will be entered in favor of Plaintiff and against Defendant.

A separate Order will be entered.

**Date:** May 17, 2017

/s/ William J. Nealon
**United States District Judge**